JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1708 PA (SPx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | Pedro Perez v. Carlisle Fluid Technologies, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by defendant Carlisle Fluid Technologies, Inc. ("Removing Defendant") August 24, 2015.  Removing Defendant asserts that this Court has jurisdiction over the action brought against it and The Carlstar Group, LLC ("Carlstar") by plaintiff Pedro Perez ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-1708 PA (SPx) | Date | August 26, 2015 |
|---|---|---|---|
| Title | Pedro Perez v. Carlisle Fluid Technologies, Inc., et al. | | |

be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      The Notice of Removal alleges that Plaintiff "is a resident of the State of California and worked for Defendants in California.  Complaint ¶ 1, 10.  Accordingly, Plaintiff is, and has been at all times since this action commenced, a citizen of California."  (Notice of Removal ¶ 9.)  As the Notice of Removal makes clear, Plaintiff's Complaint alleges only Plaintiff's "residence."  (See Compl. ¶ 1 (alleging that Plaintiff "is and at all relevant times [was] an individual residing within the County of San Bernardino in the State of California.").)  Because an individual is not necessarily domiciled where he or she resides, Removing Defendant's allegations of Plaintiff's citizenship, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship.  See Kanter v. Warner-Lambert Co., 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Removing Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

      Therefore, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to San Bernardino Superior Court, Case No. CIVDS1509335.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.